Nam T. Tran, Esq. SBN 206989
**Law Office of Nam T. Tran**
8251 Westminster Blvd., Suite 212
Westminster, CA. 92683
Tel: (714) 891-1942
Fax: (714) 891-1944

Attorney for Defendants
An Tang Dao and Loan Thi Nguyen

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

James Rutherford, an individual

Plaintiff,

vs.

An Tang Dao and Loan Thi Nguyen, individually and as trustees of the KPR Dao Nguyen Trust, U.D.T. February 24, 2010; and Does 1-10,

Defendants.

CASE NO. **8:20-CV-01404**

**ANSWER OF DEFENDANTS AN TANG DAO AND LOAN THI NGUYEN TO PLANTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

**DEMAND FOR JURY TRIAL**

Defendants AN TANG DAO and LOAN THI NGUYEN ("Defendant"), hereby respond to the Plaintiff's Complaint as follows:

This Answering Defendant, for itself and no other, denies, generally and specifically, any and all allegations of the Complaint which are not expressly admitted or denied hereinafter. It is not intended that there be any admission by

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

silence or omissions as to any allegations of the Complaint.

**PARTIES**

1. In response to paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

2. In response to paragraph 2 of Plaintiff's Complaint, Defendant admit that Defendant are the trustees of the KPR Dao Nguyen Trust U.D.T. February 24, 2010, and owned of the property located at 8940 Westminster Blvd., Westminster, CA 92583 ("Property") on or around July 2, 2020.

3. In response to paragraph 3 of Plaintiff's Complaint, Defendant admit that Defendant are the trustees of the KPR Dao Nguyen Trust U.D.T. February 24, 2010, and own of the Property.

4. In response to paragraph 4 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them except to admit that Defendant is the owner of the Property and the business on the Property Banh Mi Saigon is operated and owned by other parties.

**JURISDICTION & VENUE**

5. In response to paragraph 5 of Plaintiff's Complaint, this paragraph contains Plaintiff's jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations as they relate to Defendant, except to admit that this Court has jurisdiction over the subject matter of Plaintiff's claims.

6. In response to paragraph 6 of Plaintiff's Complaint, this paragraph contains Plaintiff's supplemental jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations as they relate to Defendant, except to admit that this Court has supplemental jurisdiction over Plaintiff's non-federal claims.

7. In response to paragraph 7 of Plaintiff's Complaint, Defendant admits venue is proper in the United States District Court for the Central District of California.

**FACTUAL ALLEGATIONS**

8. In response to paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies each and every allegation.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendant is not the owner of the Business, therefore, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations as it relates to Defendant, and on that basis, denies each and every allegation.

10. In response to paragraph 10 of Plaintiff's Complaint, Defendant is not the owner of the Business, therefore, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations as it relates to Defendant, and on that basis, denies each and every allegation.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

13. In response to paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

14. In response to paragraph 14 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

15. In response to paragraph 15 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

knowledge or information to form a belief as to the truthfulness of the allegations.

16. In response to paragraph 16 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

17. In response to paragraph 17 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

18. In response to paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

19. In response to paragraph 19 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

20. In response to paragraph 20 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

21. In response to paragraph 21 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

22. In response to paragraph 22 of Plaintiff's Complaint, Defendant

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

23. In response to paragraph 23 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

24. In response to paragraph 24 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies them.

25. In response to paragraph 25 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

26. In response to paragraph 26 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

**FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 et seq. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)**

27. In response to paragraph 27 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 1 through 26 of Plaintiff's Complaint herein as if separately pleaded.

28. In response to paragraph 28 of Plaintiff's Complaint, it contains only assertions and conclusions of law to which Defendant is not required to respond. To the extent a response is deemed required, Defendant denies each and every allegation contained therein as it relates to Defendant, except to refer to the language of the referenced statutes, which speaks for itself.

29. In response to paragraph 29 of Plaintiff's Complaint, it contains only assertions and conclusions of law to which Defendant is not required to respond. To the extent a response is deemed required, Defendant denies each and every allegation contained therein as it relates to Defendant, except to refer to the language of the referenced statutes, which speaks for itself.

30. In response to paragraph 30 of Plaintiff's Complaint, it contains only assertions and conclusions of law to which Defendant is not required to respond. To the extent a response is deemed required, Defendant denies each and every allegation contained therein as it relates to Defendant, except to refer to the language of the referenced statutes, which speaks for itself.

31. In response to paragraph 31 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

32. In response to paragraph 32 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

**SECOND CAUSE OF ACTION: VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE §51 et seq.**

33. In response to paragraph 33 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 1 through 32 of Plaintiff's Complaint herein as if separately pleaded.

34. In response to paragraph 34 of Plaintiff's Complaint, Defendant admits that California Civil Code § 51 et seq. speaks for itself. Except otherwise admitted, Defendant denies each and every other part of said paragraph.

35. In response to paragraph 35 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

knowledge or information to form a belief as to the truthfulness of the allegations.

36. In response to paragraph 36 of Plaintiff's Complaint, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant has intentionally or otherwise denied access of disabled persons to the Property. To the extent the allegations in this paragraph relate to other parties, and to the extent a response is deemed required, Defendant's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

**PRAYER FOR RELIEF**

The remaining allegations of Plaintiff's Complaint are prayers for relief, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein as it relates to Defendant and denies that Plaintiff has suffered any injury or damages in this matter.

## AFFIRMATIVE DEFENSES

Defendant alleges the following separate and affirmative defenses to all causes of action purported to be set forth against it in the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, this Defendant alleges that Plaintiff is barred from recovery herein as the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, this Defendant alleges that Plaintiff is barred by the applicable statute of limitations, California Code of Civil Procedure §335 – 349.4, including but not limited to California

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

Business & Professions Code §7071 – 11, California Code of Civil Procedure §337.1, §337.15, §337(1), §338, §339 and §340, et seq.

**THIRD AFFIRMATIVE DEFENSE**

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, Plaintiff is barred from obtaining relief under California Civil Code section 51 et seq. because nothing therein may be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, to any existing establishment, facility, building, improvement, or any other structure.

**FOURTH AFFIRMATIVE DEFENSE**

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, this Defendant alleges that Defendant did not intentionally impede or impair access to Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, this Defendant alleges that any alleged failure by Defendant to repair, alter or modify the premises in question does not give rise to a cause of action by Plaintiff under the Unruh Act since the Unruh Act specifically exempts such conduct from the scope of this act.

**SIXTH AFFIRMATIVE DEFENSE**

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, This Defendant alleges that Plaintiff's Complaint, and each purported claim for relief therein, are barred because local building authorities issued appropriate permits and certificated of Occupancy, and Defendant had a right to rely on the issuance of the permits as establishing compliance with all applicable laws, regulations, orders, and approvals.

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

**SEVENTH AFFIRMATIVE DEFENSE**

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, this Defendant alleges that Plaintiff is barred by the doctrines of laches and estoppels.

**EIGHTH AFFIRMATIVE DEFENSE**

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein, as to any alleged disability access violation not actually encountered by him because Plaintiff cannot show injury in fact as to such alleged violations.

**NINTH AFFIRMATIVE DEFENSE**

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, this Defendant alleges that the presence of architectural barriers to an individual with physical disabilities that conform to the applicable state or local building codes or regulations does not constitute discrimination, and, therefore, there is no requirement to modify the property.

**TENTH AFFIRMATIVE DEFENSE**

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, this Defendant alleges that Plaintiff has requested a modification/accommodation that is unreasonable as to policy, practices and procedures.

**ELEVENTH AFFIRMATIVE DEFENSE**

AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, this Defendant alleges that fulfilling the requests by Plaintiff, as pleaded in his Complaint, would impose an undue burden upon the Defendant. The changes requested are unreasonable and economically not feasible.

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

**TWELFTH AFFIRMATIVE DEFENSE**

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, this Defendant alleges that Plaintiff has not sustained any damages by this Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, this Defendant alleges that any damages, as alleged by Plaintiff, have not been legally or proximately caused by this Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, this Defendant alleges that Plaintiff failed to take reasonable steps to mitigate damages and that Plaintiff may not recover any such damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, this Defendant alleges that Plaintiff did not suffer any damages by reason of the purported matters alleged in the Complaint by any act or omission of this Defendant, and that any and all damages alleged by the Plaintiff are attributable to causes other that any asserted acts, claims, or omissions by the Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, this Defendant alleges that Plaintiff, its principal, agents and /or servants, are barred as a result of his own “unclean hands” from seeking or obtaining any remedy or relief predicated on the purported claims set forth in the Complaint.

///

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

**SEVENTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, this Defendant alleges that they are not in violation of under 502 section 208.3.1.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, this Defendant alleges that the damages sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which Defendant is not liable or responsible.

**NINETEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, this Defendant alleges that if Defendant is responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendant expressly denies, such injuries or damages have been caused by or contributed to by others, and Defendant's proportional liability, if any, should be reduced to the extent thereof.

**TWENTIETH AFFIRMATIVE DEFENSE**

AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, this Defendant alleges Plaintiff's claims are barred and/or damages are not recoverable because Plaintiff is or should be declared a "vexatious litigant", and, as such, this Court should dismiss this case with prejudice.

**TWENTY- FIRST AFFIRMATIVE DEFENSE**

AS AND FOR A TWENTY- FIRST AFFIRMATIVE DEFENSE, this Defendant reserves the right to assert any additional defenses and matters in avoidance which may be disclosed during the course of additional investigation

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

and discovery, when and if the same have been ascertained.

**PRAYER**

**WHEREFORE,** Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint and that judgment be rendered in favor of this Defendant;

2. That Plaintiff's Complaint be dismissed as to these Defendants Dao and Nguyen;

3. That Defendants be awarded the costs of suit and attorney's fees incurred by way of defending this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: 9/22/20

By: /s/ Nam T Tran____________________

Nam T. Tran, Esq.
Attorney for Defendants An Tang Dao and Loan Thi Nguyen

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Defendants Dao and Nguyen hereby demand trial by jury.

Dated: 9/22/20

By: /s/ Nam T Tran_
Nam T. Tran, Esq.
Attorney for Defendants An Tang Dao and Loan Thi Nguyen

LAW OFFICE OF NAM T. TRAN
8251 WESTMINSTER BLVD., SUITE 212
WESTMINSTER, CA 92683
714.891.1942

CERTIFICATE OF SERVICE

I, Nam T. Tran, certify and declare as follows:

I am over eighteen (18) years of age and not a party to the within action. My business address is 8251 Westminster Blvd., Suite 212, Westminster, State of California, where the mailing described below took place.

On 9/22/20, I served the within on the interested party (s) in this action as follows:

**ANSWER OF DEFENDANTS AN TANG DAO AND LOAN THI NGUYEN TO PLANTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

**MANNING LAW, APC**

[ X ] By CM/ECF Electronic Filing (USDC): I caused such document to be sent electronically to the Court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service,. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on 9/22/20, at Westminster, California.

I declare under penalty of perjury that I am a member of the bar for the United States District Court for the Central District of California, and that the foregoing is true and correct.

/s/ Nam T Tran____________________

Nam T. Tran, Esq.